TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00383-CV






John Benjamin Clopton, Jr., Appellant



v.



Mountain Peak Water Supply Corporation and Texas Natural Resource


Conservation Commission, Appellees







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT


NO. 93-15139, HONORABLE SUZANNE COVINGTON, JUDGE PRESIDING 







PER CURIAM


 John Benjamin Clopton, Jr., perfected appeal from the trial court judgment rendered
against him in his suit for judicial review. Although Clopton properly requested a record, this
Court has never received a complete reporter's record. The question before us is whether Clopton
has satisfied the requirements to secure a new trial based on a lost or destroyed reporter's record. 
See Tex. R. App. P. 36.6(f). (1) We hold that he has.

 The portion of the reporter's record covering a hearing held May 3, 1996, has never
been tendered. (2) After a series of extensions and pursuant to an order of this Court, Tom McMinn,
the court reporter responsible for that hearing, tendered an affidavit that he had searched his
records and cannot locate his notes or exhibits in order to prepare a reporter's record for the May
3, 1996 hearing. We abated the appeal and remanded to the trial court for an evidentiary hearing
on the elements of Texas Rule of Appellate Procedure 34.6(f). The trial court held a hearing and
the record of that hearing has been forwarded to this Court for review.

 The record establishes that Tom McMinn was the court reporter who recorded the
hearing in question. The district court time records showed that he worked that day. None of the
parties recall any reporter other than Tom McMinn being present at that hearing. Therefore, we
can conclude that no one else would have the notes and exhibits to prepare the record. The parties
testified that they had attempted to formulate an agreed record, but did not succeed in constructing
an agreed record. The missing portion of the record concerned an evidentiary hearing on a
substantive issue. The first elements of Rule 36.6 have been satisfied. The remaining factor to
consider is whether the missing hearing is necessary to the appeal's resolution.

 The missing hearing concerned a claim of ex parte contacts. The Administrative
Procedure Act generally prohibits communication between an agency fact-finder and a party-representative in connection with an issue of fact or law in a pending hearing. Tex. Gov't Code
Ann. § 2001.061(a) (West 1999). The prohibition against ex parte communications was designed
to prevent litigious facts coming before agency decision makers without becoming part of the
record in the contested case. See Young Chevrolet, Inc. v. Texas Motor Vehicle Bd., 974 S.W.2d
906, 914 (Tex. App.--Austin 1998, pet. denied); Lone Star Greyhound Park, Inc. v. Texas Racing
Comm'n, 863 S.W.2d 742, 751 (Tex. App.--Austin 1993, writ denied). The mere fact that an
ex parte communication occurred is not sufficient to establish a violation of the constitutional
guarantees of procedural due process of law. Young, 974 S.W.2d at 914; Smith v. Houston Chem.
Servs., Inc., 872 S.W.2d 252, 278 (Tex. App.--Austin 1994, writ denied). A violation of the
prohibition against ex parte communications is not shown unless a party establishes that the
content of the ex parte conversation came within the prohibition. Young, 974 S.W.2d at 914.

 In this case, the parties agree that an evidentiary hearing was held, with at least one
witness testifying concerning the alleged ex parte contacts. Appellees characterize the witness as
dispelling any ex parte problems; appellant refers to the witness as being "good for him." 
Without a record from the hearing we do not see how appellant could establish that the content of
the alleged ex parte communications fell within the prohibition in the APA and thus violated due
process. This Court has no record to review to evaluate that communication. Therefore, we hold
the missing portion is necessary to the appeal's resolution. Clopton has satisfied the provisions
of Rule 36.6(f) entitling him to a new trial.

 Accordingly, we reverse the trial court judgment and remand the cause for a new
trial. (3)


Before Chief Justice Aboussie, Justices Jones and B. A. Smith

Reversed and Remanded

Filed: December 17, 1998

Do Not Publish












1. An appellant is entitled to a new trial if: appellant has timely requested a reporter's record;
without appellant's fault, a significant exhibit or portion of the court reporter's notes and records
has been lost or destroyed; if the lost portion of the reporter's record or exhibit is necessary to the
appeal's resolution; and the parties cannot agree on a complete reporter's record. See Tex. R.
App. P. 36.6(f). The requirement that the lost portion be necessary to the appeal's resolution was
added in the rules effective September 1, 1997.
2. The hearing concerned ex parte contacts. When a party alleges that procedural irregularities
occurred before the agency, the trial court may receive evidence of the alleged procedural
irregularities. See Tex. Gov't Code Ann. § 2001.175(e) (West 1999).
3. Clopton's pending motion for extension of time to file his brief is dismissed.


 Tom McMinn,
the court reporter responsible for that hearing, tendered an affidavit that he had searched his
records and cannot locate his notes or exhibits in order to prepare a reporter's record for the May
3, 1996 hearing. We abated the appeal and remanded to the trial court for an evidentiary hearing
on the elements of Texas Rule of Appellate Procedure 34.6(f). The trial court held a hearing and
the record of that hearing has been forwarded to this Court for review.

 The record establishes that Tom McMinn was the court reporter who recorded the
hearing in question. The district court time records showed that he worked that day. None of the
parties recall any reporter other than Tom McMinn being present at that hearing. Therefore, we
can conclude that no one else would have the notes and exhibits to prepare the record. The parties
testified that they had attempted to formulate an agreed record, but did not succeed in constructing
an agreed record. The missing portion of the record concerned an evidentiary hearing on a
substantive issue. The first elements of Rule 36.6 have been satisfied. The remaining factor to
consider is whether the missing hearing is necessary to the appeal's resolution.

 The missing hearing concerned a claim of ex parte contacts. The Administrative
Procedure Act generally prohibits communication between an agency fact-finder and a party-representative in connection with an issue of fact or law in a pending hearing. Tex. Gov't Code
Ann. § 2001.061(a) (West 1999). The prohibition against ex parte communications was designed
to prevent litigious facts coming before agency decision makers without becoming part of the
record in the contested case. See Young Chevrolet, Inc. v. Texas Motor Vehicle Bd., 974 S.W.2d
906, 914 (Tex. App.--Austin 1998, pet. denied); Lone Star Greyhound Park, Inc. v. Texas Racing
Comm'n, 863 S.W.2d 742, 751 (Tex. App.--Austin 1993, writ denied). The mere fact that an
ex parte communication occurred is not sufficient to establish a violation of the constitutional
guarantees of procedural due process of law. Young, 974 S.W.2d at 914; Smith v. Houston Chem.
Servs., Inc., 872 S.W.2d 252, 278 (Tex. App.--Austin 1994, writ denied). A violation of the
prohibition against ex parte communications is not shown unless a party establishes that the
content of the ex parte conversation came within the prohibition. Young, 974 S.W.2d at 914.

 In this case, the parties agree that an evidentiary hearing was held, with at least one
witness testifying concerning the alleged ex parte contacts. Appellees cha